# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**ABANTE ROOTER AND PLUMBING,
INC.**, a California corporation,

       *Petitioner,*

*v.*

**POUNDTEAM INCORPORATED**, a
Florida corporation.

       *Respondent.*

Case No.

8:20 mc 110 30 SPF

## PETITIONER'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND FOR ORDER TO SHOW CAUSE AS TO WHY POUNDTEAM INCORPORATED SHOULD NOT BE HELD IN CONTEMPT

## CERTIFICATE OF CONFERRAL

In accordance with Local Rule 3.01(g), Petitioner's counsel certifies that he conferred with PoundTeam Incorporated regarding this Motion. PoundTeam does not consent to the requested relief.

## REQUESTED RELIEF

An Order compelling PoundTeam Incorporated to provide a complete response to the PoundTeam Subpoena (Ex. A) within fourteen (14) days and requiring PoundTeam to show cause why it should not be held in contempt.

## STATEMENT OF THE BASIS FOR RELIEF REQUESTED

1.     On September 2, 2020, Petitioner Abante Rooter and Plumbing, Inc. ("Petitioner" or "Abante") issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Respondent

1

PoundTeam Incorporated ("PoundTeam" or "Respondent"), which specified a response

date of September 25, 2020. (*See* "PoundTeam Subpoena", a true and accurate copy of

which is attached hereto as Ex. A.)

2.      On September 10, 2020, Petitioner served, via process server, the

PoundTeam Subpoena on William E. Conley, PoundTeam's president and registered

agent. (*See* Proof of Service, a true and accurate copy of which is attached here as Ex. B.)

3.      To date, PoundTeam has not provided any response or objection to the

PoundTeam Subpoena.

4.      Consequently, Petitioner now moves the Court for an Order compelling

PoundTeam to provide a complete response to the subject subpoena within fourteen (14)

days of the date of the Order and requiring PoundTeam to show cause why it should not

be held in contempt.

## MEMORANDUM OF LEGAL AUTHORITY

## I.      INTRODUCTION

This action arises out of Respondent PoundTeam's failure to respond to a

subpoena issued in an action pending in the United States District Court for the Northern

District of California. Petitioner Abante Rooter and Plumbing, Inc. effectuated service of

the subpoena on September 10, 2020, but PoundTeam has refused to provide any

response and has not served any objections. Moreover, PoundTeam, absent any lawful

authority, has demanded an upfront payment from Petitioner before it will even engage in

a conversation regarding the subpoena. As such, this Court should enter an Order

compelling PoundTeam to comply with the subject subpoena and ordering PoundTeam to

show cause as to why it should not be held in contempt.

## II.     FACTUAL & PROCEDURAL BACKGROUND

Petitioner Abante is the plaintiff in the underlying case captioned *Abante Rooter and Plumbing, Inc. v. Total Merchant Services, LLC*, pending in the United States District Court for the Northern District of California alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). (*See Abante Rooter and Plumbing, Inc. v. Total Merchant Services, LLC*, Case No. 3:19-cv-05711-EMC (N.D. Cal. 2019), Complaint, Dkt. 1.)

Relevant here, Petitioner asserts that Defendant Total Merchant Services, LLC ("TMS") can be held liable for telemarketing calls placed on its behalf by a third-party telemarketer, Triumph Merchant Solutions, LLC ("Triumph"). Through discovery, Triumph has informed Petitioner that it hired PoundTeam to build and host a server that operated its dialing system. (*See* Declaration of Taylor T. Smith ("Smith Decl.") ¶ 4, attached hereto as Group Ex. C.) Based on this disclosure, Abante issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on September 2, 2020. (PoundTeam Subpoena, Ex. A; Smith Decl. ¶ 5.)

On September 10, 2020, Abante, via process server, served the PoundTeam Subpoena on William E. Conley, PoundTeam's president and registered agent. (*See* Proof of Service, Ex. B; Smith Decl. ¶ 10.) The subpoena sought information regarding Triumph's telemarketing practices, including its calling records, as well as an inspection of Triumph's dialing system and server. (*See* PoundTeam Subpoena, Ex. A; Smith Decl. ¶ 6.) The PoundTeam Subpoena commanded all documents to be produced at 1110 N

Florida Ave, Ste 300, Tampa, FL 33602, or a mutually agreeable location, on or before September 25, 2020 (*See* PoundTeam Subpoena, Ex. A.)

To date, PoundTeam has not produced any documents, served any objections, or moved to quash. (Smith Decl. ¶¶ 12, 17.) After receiving no response, on October 6, 2020, Abante's counsel contacted, via email, William E. Conley, PoundTeam's president, requesting a response to the subpoena within fourteen days. (Smith Decl. ¶ 13.) Mr. Conley responded by directing Abante's counsel to PoundTeam's website. (Smith Decl. ¶ 14.) After counsel requested a call to discuss the subpoena, Mr. Conley responded by demanding an upfront payment to discuss the subpoena. (Smith Decl. ¶¶ 15-16.)

Based on these facts, Petitioner requests that the Court enter an Order compelling PoundTeam to respond to the subject subpoena and issue an order to show cause for why it should not be held in contempt.

## III.    ARGUMENT

Abante properly served the PoundTeam Subpoena that compelled compliance within this District. To date, PoundTeam has failed to respond to the subpoena or serve any objections. As a result, and as explained further below, the Court should issue an order compelling compliance with the PoundTeam Subpoena and issue an order to show cause as to why PoundTeam should not be held in contempt.

### A.      This Court Has Jurisdiction To Enforce The PoundTeam Subpoena.

Under the Federal Rules of Civil Procedure, "the district court with jurisdiction to enforce and to quash subpoenas is the 'court for the district where compliance is required[.]'" *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, No. 6:14-CV-

203-ORL-41TB, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014) (citing Fed. R. Civ. P. 45(d)(1), (d)(3), (g)). "For subpoenas seeking the production of documents, the place of compliance must be 'within 100 miles of where the person resides, is employed, or regularly transacts business in person.'" *Collins v. Koch Foods, Inc.*, No. MC 119-008, 2019 WL 2520308, at *2 (S.D. Ga. June 18, 2019) (citing Fed. R. Civ. P. 45(c)(2)(A)).

This Court possesses jurisdiction to enforce the PoundTeam Subpoena. Plaintiff served the subject subpoena on PoundTeam at its principal place of business, which is located within this district. (Proof of Service, Ex. B; PoundTeam Corporation Annual Report, attached as Ex. 1 to the Smith Decl.) The PoundTeam Subpoena specified the place of compliance as 1110 N Florida Ave, Ste 300, Tampa, FL 33602. (*See* PoundTeam Subpoena, Ex. A.) Thus, the place of compliance is both within 100 miles of where PoundTeam resides and regularly transactions business and is within this District. (Smith Decl. ¶ 7.) Because the place of compliance is located in this District, this Court properly possesses jurisdiction to enforce the PoundTeam Subpoena. *See Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, No. 6:14-CV-203-ORL-41TB, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014) (citation omitted) ("Because compliance is required in the Middle District of Florida, this Court has jurisdiction to enforce or quash the subpoena.").

**B.    The Subject Subpoena Was Properly Served On PoundTeam.**

Service of a subpoena "requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). "[T]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required[.]" *Monex Fin. Servs. Ltd. v. Nova Info. Sys., Inc.*, No. 608-MC-137-ORL-31KRS, 2008 WL 5235135, at *2 (M.D. Fla. Dec. 15, 2008) (citing

9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civ.2D §
2454 (3d ed. 2010)). Some courts in the Eleventh Circuit have interpreted personal
service to require delivery of the subpoena directly to the named person. *See In re MTS
Bank*, No. 17-21545-MC, 2018 WL 1718685, at *3 (S.D. Fla. Mar. 16, 2018) (citations
omitted) ("Some courts in the Eleventh Circuit support A.K.'s position and have
construed the language in Rule 45 to mean that '[p]ersonal service of subpoenas is
required.'"); *In re Matter Under Investigation by Grand Jury No. 1*, No. 10-81252-MC,
2011 WL 761234, at *1 (S.D. Fla. Feb. 24, 2011) (citation omitted) ("Authority in this
circuit suggests that a subpoena such as the one served in this case must be personally
handed to the person named on the subpoena."). However, "substantial recent authority
from federal courts in Florida support that Rule 45 does not require personal service;
rather, it requires service reasonably calculated to ensure receipt of the subpoena by the
witness." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D.
Fla. 2019) (collecting cases).

  PoundTeam was properly served with the subject subpoena on September 10,
2020. That is, Petitioner, via process server, delivered the subject subpoena to William E.
Conley, PoundTeam's president and registered agent. (*See* Proof of Service, Ex. B.)
Further, the subpoena was served at PoundTeam's principal office address. (*See id.*; *see
also* Smith Decl. ¶¶ 9, 11.) Additionally, on October 6, 2020, Petitioner's counsel also
delivered another copy of the subpoena to Mr. Conley when he inquired into
PoundTeam's failure to respond. (Smith Decl. ¶ 13.) Consequently, this Court should
find that the subject subpoena was properly served.

**C.     By Failing To Respond To The Subpoena, PoundTeam Waived All Objections And Should Be Compelled To Respond.**

Under Rule 45, a party may "procure discovery from a non-party through the issuance and service of a subpoena." *Hernandez v. Tregea*, No. 2:07-CV-149-FTM34SPC, 2008 WL 3157192, at *3 (M.D. Fla. Aug. 4, 2008). "A person subject to subpoena has 14 days from service to raise any objections." *Madeline L.L.C. v. St.*, No. 09-80705-MC, 2009 WL 1563526, at *1 (S.D. Fla. June 3, 2009) (citing Fed. R. Civ. P. 45(c)(2)(B)). "Failure to timely raise objections results in waiver." *Id.* (citing Fed. R. Civ. P. 45(c)(2)(B); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2463); *see also Cadle v. GEICO Gen. Ins. Co.*, No. 6:13–cv–1591–Orl–31GJK, 2014 WL 12639859 (M.D. Fla. Aug. 29, 2014) ("failure to serve written objections to a subpoena in the time provided by Rule 45, Federal Rules of Civil Procedure, waives any objections the party may have."); *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005).

Here, PoundTeam's actions warrant the Court granting the motion to compel. PoundTeam was properly served with the subpoena on September 10, 2020. (Proof of Service, Ex. B.) PoundTeam has refused to provide any response to the subpoena or serve any objections. (Smith Decl. ¶ 12.) Even after Petitioner's counsel contacted PoundTeam regarding failure to respond, PoundTeam continues to ignore the subpoena. (*Id.* ¶ 17.) In short, PoundTeam should be compelled to respond. Absent an Order, PoundTeam will continue to ignore the subpoena.

Accordingly, the Court should enter an Order requiring PoundTeam to provide a complete response to the subject subpoena within fourteen (14) days.

**D.    PoundTeam's Actions Warrant An Order To Show Cause Why It
       Should Not Be Held In Contempt.**

Finally, the Court "may hold in contempt a person who, having been served, fails

without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P.

45(g); *see also Matter of Certain Complaints Under Investigation by an Investigating

Comm. of Judicial Council of Eleventh Circuit*, 783 F.2d 1488, 1495 (11th Cir. 1986)

(collecting case) ("If a witness disregards the subpoena and fails to comply without filing

a timely motion to quash, the witness may be found in contempt of court, with no need

for any further court order."). Civil contempt is "designed to compel future compliance

with a court order, are considered to be coercive and avoidable through obedience, and

thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to

be heard." *In re Adler, Coleman Clearing Corp.*, No. 06-80157-CIV, 2007 WL 9706999,

at *4 (S.D. Fla. May 17, 2007), *report and recommendation adopted sub nom. Mishkin as

for Liquidation of Adler v. Gurian*, No. 06-80157-CIV, 2007 WL 9707000 (S.D. Fla. July

10, 2007) (citing *International Union, United Mine Workers of America v. Bagwell*, 512

U.S. 821, 827 (1994)).

The party seeking civil contempt "bears the burden of establishing by 'clear and

convincing' proof that the underlying order was violated." *Bray & Gillespie Mgmt. LLC

v. Lexington Ins. Co.*, No. 6:07-CV-222-ORL98KRS, 2008 WL 4371345, at *3 (M.D.

Fla. Sept. 22, 2008) (citing *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th

Cir.1990)). Once the movant "makes a prima facie showing that the court order was

violated, the burden of production shifts to the alleged contemnor to show a "present

inability to comply that goes 'beyond a mere assertion of inability." *Id.*

8

PoundTeam's actions warrant contempt sanctions. As explained above, despite being properly served with the subject subpoena, PoundTeam chose to ignore the subpoena altogether. To date, more than two months have passed since PoundTeam's deadline to respond. And when PoundTeam was contacted regarding its failure to respond, PoundTeam demanded (absent any lawful authority) upfront payment to have a conversation. This blatant defiance of a Court Order necessitates contempt sanctions.

As such, Petitioner respectfully requests that this Court issue an order to show cause why PoundTeam should not be held in contempt.

## IV.     CONCLUSION

For the foregoing reasons, Petitioner requests that the Court enter an order compelling PoundTeam to provide a complete response to the PoundTeam Subpoena within fourteen (14) days, issue an order to show cause by it should not be held in contempt, and for such additional relief as the Court deems necessary and just.

**ABANTE ROOTER AND PLUMBING, INC.,**

Dated: December 16, 2020              By: _____ /s/ Ryan S. Shipp _____
                                      One of Plaintiff's Attorneys

                                      Law Office of Ryan S. Shipp, PLLC
                                      Ryan S. Shipp, Esq. (FL Bar Number
                                      52883)
                                      814 W. Lantana Rd. Suite 1,
                                      Lantana, Florida 33462
                                      (561) 699-0399
                                      Email: Ryan@shipplawoffice.com

                                      Taylor T. Smith*
                                      tsmith@woodrowpeluso.com

WOODROW & PELUSO, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Attorneys for Petitioner*

*Pro Hac Vice admission to be sought