# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California ▼

| | | |
|---|---|---|
| Abante Rooter and Plumbing, Inc., et al. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 3:19-cv-05711-EMC |
| Total Merchant Services, LLC | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              PoundTeam Incorporated

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: 1110 N Florida Ave, Ste 300 Tampa, FL 33602, or a mutually agreeable location | Date and Time: 09/25/2020 5:00 pm |
|---|---|

☑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: A mutually agreeable location | Date and Time: 09/25/2020 9:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/02/2020

|           CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Taylor T. Smith |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_      Plaintiff
Abante Rooter and Plumbing, Inc.                                              , who issues or requests this subpoena, are:
Taylor T. Smith, tsmith@woodrowpeluso.com, Woodrow & Peluso, LLC, 3900 E. Mexico Ave., Suite 300, Denver, CO 80210; Tel: 720-907-7628

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:19-cv-05711-EMC

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ADDENDUM A TO SUBPOENA TO PRODUCE DOCUMENTS TO POUNDTEAM

Please produce the following documents for inspection and copying on or before September 25, 2020. To the extent that POUNDTEAM objects to any of the below requests on the basis of privilege, POUNDTEAM must provide a privilege log and produce any and all non-privileged documents. Defined terms need not be capitalized to retain their defined meanings.

1.     YOUR complete relationship with TRIUMPH, including all agreements, contracts, and services rendered.

2.     All DOCUMENTS sufficient to IDENTIFY the TRIUMPH DIALING SYSTEM, including all user manuals and periodic dialer reports during the RELEVANT TIME PERIOD

3.     All DOCUMENTS sufficient to IDENTIFY any and all telephone numbers utilized by TRIUMPH to place calls to PLAINTIFF through the TRIUMPH DIALING SYSTEM.

4.     All DOCUMENTS sufficient to IDENTIFY all calls placed by TRIUMPH from the TRIUMPH DIALING SYSTEM from the telephone number 858-225-4580 during the RELEVANT TIME PERIOD.

5.     All DOCUMENTS sufficient to IDENTIFY all calls placed by TRIUMPH from the TRIUMPH DIALING SYSTEM during the RELEVANT TIME PERIOD.

6.     All DOCUMENTS sufficient to IDENTIFY the total number of calls, and the date, time, and duration of each call, made to each PERSON identified in DOCUMENTS produced in response to Requests Number 3 and 4 above.

7.     All DOCUMENTS sufficient to IDENTIFY any DO NOT CALL LIST, if any, maintained by TRIUMPH on the TRIUMPH DIALING SYSTEM together with all DOCUMENTS sufficient to IDENTIFY the location of any such DO NOT CALL LIST.

8.     All DOCUMENTS sufficient to IDENTIFY any and all PERSONS that TRIUMPH called at least once during the RELEVANT TIME PERIOD using the TRIUMPH DIALING SYSTEM after they were placed on TRIUMPH's DO NOT CALL LIST, together with the total number of calls TRIUMPH caused to be made to each person so identified.

9.     All DOCUMENTS sufficient to IDENTIFY YOUR complete relationship with TRIUMPH, including all contracts, agreements, and communications between YOU and TRIUMPH.

10.    All DOCUMENTS in YOUR possession that mention PLAINTIFF.

11.    All DOCUMENTS sufficient to IDENTIFY any and all communications between YOU and TRIUMPH regarding PLAINTIFF, this LAWSUIT, or the underlying allegations set forth in the Complaint.

12.    A physical inspection of the TRIUMPH DIALING SYSTEM utilized by TRIUMPH, together with all user guides or manuals in effect during the RELEVANT TIME PERIOD.

13.    A physical inspection of the server on which the TRIUMPH DIALING SYSTEM operates and is hosted.

## DEFINITIONS

1.    "ACTION" or "LAWSUIT" means and refers to the lawsuit captioned *Abante Rooter and Plumbing, Inc. v. Total Merchant Services, LLC*, Case No. 3:19-cv-05711-EMC (N.D. Cal. filed September 11, 2019), including all pleadings.

2.    "DEFENDANT" or "TOTAL MERCHANT" means and refers to the Defendant in the case, Total Merchant Services, LLC, a limited liability company organized and existing under the laws of the State of Delaware whose primary place of business is located at 21650 Oxnard Street, Suite 200, Woodland Hills, California 91367, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

3.    "DO NOT CALL LIST" means and refers to any internal list of phone numbers maintained by TRIUMPH on the TRIUMPH DIALING SYSTEM of PERSONS who have requested not to be called by TRIUMPH together with any written policies and procedures regarding the maintenance and use of any such list.

4.    "DOCUMENTS" means and refers to writings, contracts, manuals, papers, drawings, graphs, diagrams, maps, audits and audit results, records, reports, investigations, charts, studies, photographs, sound recordings, images, computer programs, letters, ESI, emails, text messages, contracts, spreadsheets, agreements, data, databases, and any and all other data or data compilations, including without limitation all ESI, Excel files, screen shots, proof of backups, data or other reporting data—stored in any medium from which information can be obtained.

5.    "IDENTIFY" shall mean the following:

   A.    When referring to a person, it means to give the person's full name, present address or last known address, additional phone number, and email address, and the name of the registered business associated, owned, or operated, in any capacity by any such person.

   B.    When referring to an entity, it means to give the entity's full name, contact

telephone number, and email address, and any name that the entity purports to do business as (d/b/a name), and the type of entity that the business is registered as, including but not limited to business, corporation, limited liability company, professional association, and limited liability partnership.

6. "PERSON" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

7. "PLAINTIFF" means the Plaintiff in this action, Abante Rooter and Plumbing, Inc., and any subsequent PERSONS added as plaintiffs to the Complaint or any subsequent or amended complaint.

8. "RELEVANT TIME PERIOD" means and refers to the time from July 1, 2018 to the present.

9. "TRIUMPH" means and refers to Triumph Merchant Solutions, LLC a California corporation whose principal place of business and corporate headquarters is located at 2305 Historic Decatur Road, Suite 100, San Diego, California 92106, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures. For the purposes of this subpoena, the definition of TRIUMPH includes the following individuals: Jason Heil, Christopher Heil, and Nathan Aripez.

10. "TRIUMPH DIALING SYSTEM" means and refers to any equipment or software used by TRIUMPH to make the calls at issue in the ACTION, including any equipment, dialers, telemarketing systems, computers or computer systems, predictive dialers or autodialers. The definition also includes technology that plays a pre-recorded voice or message. The definition also includes all associated hardware, software, coding, and databases (including language, rules, fields, and schema). The definition includes any such equipment created, sold, or licensed by or from POUNDTEAM.

11. "YOU," "YOUR," or "POUNDTEAM" means and refers to PoundTeam Incorporated a Florida corporation, whose principal place of business is located at 306 Fox Loop, Davenport, Florida 33837, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.