UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABANTE ROOTER AND PLUMBING,
INC., a California corporation,

        Petitioner,

v.                                        Case No. 8:20-mc-110-T-30SPF

POUNDTEAM INCORPORATED,
a Florida corporation,

        Respondent.
_____/

## ORDER

    This cause comes before the Court upon Petitioner's Motion to Compel Compliance with Subpoena and for Order to Show Cause as to Why Poundteam Incorporated Should Not Be Held in Contempt ("Motion to Compel" or "Motion") (Doc. 1). In its Motion to Compel, Petitioner asks the Court to compel a non-party, Poundteam Incorporated ("Poundteam"), to provide a complete response to a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") (Doc. 1-1). As indicated in the Motion's Certificate of Service, on December 29, 2020, notice of the Motion was served via electronic mail and first-class U.S. Mail on William E. Conley, President and Registered Agent of Poundteam (*see* Doc. 5). Poundteam, however, has failed to respond to the Motion to Compel, and the time for doing so has elapsed. *See* Local Rule 3.01(b), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service). Therefore, the Motion to Compel is deemed unopposed. *See Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla.

June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed). For this reason and the reasons that follow, the Motion to Compel is granted in part and denied in part.

The Subpoena was issued in an action, *Abante Rooter and Plumbing, Inc. v. Total Merchant Services, LLC,* No. 3:19-cv-05711-EMC, pending in the United States District Court for the Northern District of California. Petitioner properly filed the instant Motion to Compel in this Court, which is the court for the district where compliance is required by the underlying Subpoena, as Poundteam's principal place of business is located within this district. Petitioner contends that despite the Subpoena being properly issued and served on Poundteam on September 10, 2020 (Doc. 1 at 6, Doc. 1-2, Doc. 1-3 at ¶ 11), Poundteam failed to produce any responsive documents, provide a written response or objections, or file a motion to quash or modify the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3). Finally, prior to filing the Motion, Petitioner attempted to confer with Mr. Conley regarding Poundteam's failure to comply with the Subpoena (Doc. 1-3 at ¶¶ 13-16). The Motion to Compel requests that this Court: (1) order Poundteam to provide a complete response to Petitioner's Subpoena; and (2) require Poundteam to show cause why it should not be held in contempt for failure to respond to the Subpoena.

Federal Rule of Civil Procedure 45 sets forth the process for a party to obtain certain information from non-parties via subpoenas. Objections to a subpoena must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). Rule 45 also sets forth the authority for a party, such as Petitioner, to seek an order of compliance from a non-party. Rule 45(d)(2)(B)(i) states: "At any time, on notice to the commanded person, the serving party may move the court for the district where

compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).  Here, it appears that the Subpoena was properly issued and served on Poundteam.  Poundteam, however, did not serve any objections thereto.  "[A]s a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."  *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010); *see also Gulati v. Ormond Beach Hosp., LLC*, No. 6:18-cv-920-Orl-37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018).  As such, Poundteam has waived any objections to the Subpoena.  Accordingly, because Poundteam has failed to comply with or object to the valid Subpoena issued by the Northern District of California, Petitioner's Motion to Compel is granted to the extent that Poundteam shall provide a complete response to the Subpoena within 14 days of the date of this Order.

Petitioner also moves for the entry of an order to show cause as to why Poundteam should not be held in contempt for failure to respond to the Subpoena.  Rule 45(g) provides that the Court "may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  However, "it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena.… Disobedience of such an order may be treated as contempt."  Fed. R. Civ. P. 45, Advisory Committee's Notes (2013 Amendment).  As such, because the undersigned is ordering Poundteam to comply with the Subpoena, an order to show cause and the sanction of contempt should not be imposed pending Poundteam's compliance with the Court's Order and the Subpoena.

Accordingly, it is hereby **ORDERED**:

Petitioner's Motion to Compel Compliance with Subpoena and for Order to Show Cause as to Why Poundteam Incorporated Should Not Be Held in Contempt (Doc. 1) is **GRANTED IN PART** and **DENIED IN PART**. The motion to compel subpoena compliance is **GRANTED**. Poundteam is hereby **ORDERED** to provide a complete response to the Subpoena within **fourteen (14) days** of the date of this Order. Petitioner's request for an order to show cause is **DENIED**.

**ORDERED** in Tampa, Florida, January 21, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE