UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **ABANTE ROOTER AND PLUMBING, INC.**, a California corporation,<br><br>*Petitioner*,<br><br>v.<br><br>**POUNDTEAM INCORPORATED**, a Florida corporation.<br><br>*Respondent*. | Case No. 8:20-mc-00110-JSM-SPF |

**PETITIONER ABANTE'S OBJECTIONS TO AND REQUEST TO STRIKE POUNDTEAM INCORPORATED'S LATE RESPONSE TO ORDER COMPELLING COMPLIANCE WITH SUBPOENA**

**I.   INTRODUCTION**

Having ignored the Subpoena and the present enforcement action for months, Respondent PoundTeam Incorporated ("Respondent" or "PoundTeam") has finally filed a "Response" to the Court's Order of January 21, 2021 compelling compliance with the Subpoena (dkt 6). In addition to being untimely, PoundTeam's response fails to comply with the Court's Order. That is, appearing without counsel, PoundTeam foregoes producing information and instead offers excuses for its failure to respond. PoundTeam also submits, without any support, a request for pre-payment for its costs for production. As explained below, PoundTeam's Response was improperly filed, lacks merit, and should be stricken.

1

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

This enforcement action arose following PoundTeam's failure to respond to a subpoena issued in the underlying case captioned *Abante Rooter and Plumbing, Inc. v. Total Merchant Services, LLC*, pending in the United States District Court for the Northern District of California alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). (*See Abante Rooter and Plumbing, Inc. v. Total Merchant Services, LLC*, Case No. 3:19-cv-05711-EMC (N.D. Cal. 2019), Complaint, Dkt. 1.)

On September 8, 2020, the Subject Subpoena was served, via process server, on William E. Conley, PoundTeam's president and registered agent. (*See* Proof of Service, Dkt. 1-2.) On October 6, 2020, having received no response to the subpoena, Abante's counsel contacted, via email, William E. Conley, PoundTeam's president, requesting a response to the subpoena within fourteen days. (Dkt. 1-3 ¶ 13.) Mr. Conley responded by directing Abante's counsel to PoundTeam's website's legal terms of use. (*Id.* ¶ 14.) After counsel requested a call to discuss the subpoena, Mr. Conley responded by demanding an upfront payment to discuss the subpoena. (*Id.* ¶¶ 15-16.)

Based on PoundTeam's continued refusal to respond to the subpoena, Petitioner filed its motion to compel compliance with the PoundTeam Subpoena on December 28, 2020 ("Motion to Compel"). (Dkt. 1.) On December 29, 2020,

Petitioner served a copy of the motion and the exhibits attached thereto on PoundTeam by electronic mail and U.S. Mail. (Dkt. 5.) Despite being properly served, PoundTeam chose to ignore the present subpoena enforcement action as well. Indeed, PoundTeam did not file any response.

On January 21, 2021, the Court issued its Order compelling compliance with the PoundTeam Subpoena. (Dkt. 6.) In the Order, the Court found that PoundTeam failed to respond to the Motion to Compel despite being properly served with the motion on December 29, 2020. (*Id.* at 1.) As such, the Motion to Compel was deemed unopposed. (*Id.*)

The Court then held that the PoundTeam Subpoena "was properly issued and served on PoundTeam." (*Id.* at 2.) Further, because PoundTeam had failed to serve any objections, PoundTeam had "waived any objections to the Subpoena." (*Id.*) The Court then granted the Motion to Compel and Ordered PoundTeam to "provide a complete response to the Subpoena within 14 days of the date of this Order." (*Id.* at 3.) The Court also denied Petitioner's request for an order to show cause as to why PoundTeam should not be held in contempt for its failure to respond to the Subpoena. (*Id.*) The Court reasoned, "an order to show cause and the sanction of contempt should not be imposed pending Poundteam's compliance with the Court's Order and the Subpoena." (*Id.*)

On February 8, 2021—four days after the Court's deadline for compliance—

PoundTeam filed a Response to the Order compelling compliance with the Subpoena. (Dkt. 7.) PoundTeam's Response contains zero responsive documents, requests additional time to comply with the Subpoena, and requests prepayment of costs. (*Id.*) Further, the Response was not filed by licensed counsel. (*Id.*)

Based on these facts, the Court should strike the Response and order PoundTeam to comply with the subject subpoena without delay.

## III.   ARGUMENT

The Court should strike PoundTeam's response. As set forth below, it was filed without the benefit of counsel, is untimely, fails to comply with the Court's Order of January 21, 2021 (dkt. 6), and improperly requests the prepayment of costs.

### A.   The Response Should be Stricken Because PoundTeam, a Corporation, Filed It Without Licensed Counsel.

As a preliminary matter, PoundTeam's Response was improperly filed without licensed counsel. *See Marshall v. Wells Fargo Advisors, LLC*, 668 F. App'x 874, 874 (11th Cir. 2016) ("It has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel.") (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)). PoundTeam's Response should be stricken for this reason alone. *See Banegas v. Bldg. & Grounds, Inc.*, No. 13-21011-CIV, 2013 WL 12124619 (S.D. Fla. May 20, 2013) (striking a corporate defendant's answer

that was not filed by a licensed attorney).

### B. Poundteam's Response Is Untimely.

Even if the Court could ignore the fact that PoundTeam has attempted to participate without counsel, the response is untimely. The Court's Order of January 21, 2021, required compliance by February 4, 2021. PoundTeam filed its response on February 8, 2021. While this may only be considered as 4 days late, it must be recalled that PoundTeam ignored the subpoena, which was first served on September 8, 2020, for months. As such, strict compliance is warranted here.

### C. PoundTeam's Response Fails To Comply With The Court's Order Compelling Compliance.

Even if the Court could look past the failure to appear through counsel or timely respond, which it shouldn't, PoundTeam's proffered justifications for refusing to respond to the subpoena fall apart. Ultimately, PoundTeam's Response is severely deficient and its "reasons" for ignoring the subpoena are not justified.

First, PoundTeam claims that it received the subject subpoena in "September of 2020", however, "[t]he company policy of PoundTeam Incorporated was, at the time, to ignore subpoenas where the issuing court was not 'the court for the district where inspection or production [was] to be made.' as per Federal Rule 45 previous to it's [sic] amendment on December 1, 2013." (PoundTeam Resp. at 1.) By its own admission, PoundTeam hasn't reviewed or updated its subpoena policy in over seven (7) years. This is not a basis for failing to provide subpoenaed

5

documents.

PoundTeam next claims that it responded previously when, on October 6, 2020, it directed Plaintiff's counsel to its "Subpoena Policy" and provided a "direct response" to requests Nos. 12 and 13 within the PoundTeam Subpoena Addendum by stating "FYI: We have NO equipment on premises or otherwise under our control, access, or management belonging to or leased/rented by any of the people or businesses mentioned." (PoundTeam Resp. at 2.) This assertion mischaracterizes Mr. Conley's response. Indeed, Mr. Conley's email contained no reference to Request Nos. 12 or 13 nor could it be considered a complete response to the subpoena. (*See* Dkt. 7-1 at pg. 10.) In reality, the response amounted to little more than a demand for payment.

PoundTeam also claims that it was reasonable for it to demand payment prior to scheduling a telephone call with Petitioner's counsel regarding the subpoena. According to PoundTeam:

> This insistence on payment before scheduling a phone call is in part to discourage attorneys from conducting legal matters over the phone as opposed to in email; phone calls covering legal matters require that we **record the call** and then keep track of the recording in a secure and accessible location . . . Any questions Mr. Smith may have had could likely have been dispatched quickly if handled through email.

(PoundTeam Resp. at 2 (emphasis added).) Putting aside that this purported policy

6

is illegal under Florida law[1], PoundTeam's assertion is in direct contrast to its prior email. That is, on October 6, 2020, Petitioner's counsel reached out by email requesting a response to the PoundTeam Subpoena. On October 6, 2020, PoundTeam provided a link to its website's admittedly outdated legal policies together with its confusing statement that it had no equipment on its premises. Consistent with its duty "to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. P. 45(d)(1), Petitioner's counsel sought a phone call to discuss the nature of any information that may be within PoundTeam's possession as well as the burden of production. PoundTeam, however, refused to discuss the burden or any potential methods for streamlining the requests or making the supposed burden less onerous. Instead, PoundTeam continued to demand an upfront payment.[2]

To be sure, PoundTeam concedes that it received a copy of the motion to compel and the corresponding exhibits on December 29, 2020. (PoundTeam Resp. at 3.) PoundTeam never filed a response to the motion to compel compliance. Instead, PoundTeam received the motion to compel and ignored the enforcement action as well.

---

[1] Under Florida law, it is unlawful to record a call unless all parties to a call provide prior consent to the recording. *See* Fla. Stat. Ann. § 934.03 (West).

[2] As explained in Section B, *infra*, such a demand for upfront payment here is unreasonable and unsupportable.

With respect to its actual "responses", they are deficient. Not a single responsive document has been produced. PoundTeam asserts that it lacks responsive documents with respect to 10 of the 13 requests contained within the subpoena. (PoundTeam Resp. at 3-4.) Indeed, the only documents that are apparently in PoundTeam's possession are: communications with Triumph Merchant Solutions, LLC ("Triumph"), evidence of PoundTeam's relationship with Triumph, and, potentially, a Do Not Call List. (*See id.*) The only explanation provided for its failure to produce this information is that it may be contained within a vague reference to "archives". (*See id.*) This response falls woefully short of compliance with the Court's January 21, 2021 Order, which required that PoundTeam provide a complete response to the subject Subpoena within fourteen days. (Dkt. 6 at 3.)

In the end, PoundTeam chose to ignore the subject subpoena, the motion to compel, and the Order to compel. Coupled with the fact it is unlawful and untimely, the Court should strike the response.

**D.     PoundTeam Is Not Entitled To Any Payment of Costs Here.**

PoundTeam closes its response by requesting additional time and prepayment of costs to respond to the subpoena. (PoundTeam Resp. at 5.) PoundTeam's request should be denied. PoundTeam has failed to identify any significant burden in responding to the subject subpoena.

8

"Under Rule 45, when a non-party is going to incur significant expense from compliance with the subpoena *and that non-party has timely objected on those grounds*, the Court's order must protect the non-party from significant expense resulting from compliance." *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, No. 12-CIV-81397, 2016 WL 1658765, at *4 (S.D. Fla. Apr. 26, 2016) (citing Fed. R. Civ. P. 45(d)(2)(B); *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 426 (D.N.J.2004)) (emphasis added). However, "failure to timely file a written objection to a subpoena will generally result in a waiver of the right to object to enforcement of the subpoena and of the right to recover costs of production." *Id.* (citing Fed. R. Civ. P. 45(d)(2)(B); *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 426 (D.N.J.2004); *In re Accutane Prods. Liab. Litig.*, Nos. 8:04–md–2523–T–30TBM, 8:05–cv–926–T– 30TBM, 2006 WL 1281598, at *1 (M.D. Fla. May 9, 2006)); *see also Ariel Syndicate 1910 v. Paramount Disaster Recovery, LLC*, No. 617CV1279ORL37DCI, 2018 WL 4759994, at *1 (M.D. Fla. July 25, 2018) ("Noble is deemed to have waived all objections to the requests for production in the subpoena, with the exception of objections on the basis of the attorney-client and workproduct privileges[.]"); *Rollins v. Banker Lopez & Gassler*, No. 8:19-CV-2336-T-33SPF, 2020 WL 1939396, at *1 (M.D. Fla. Apr. 22, 2020).

Even where a timely objection is raised, "the burden of proof in demonstrating that compliance with a subpoena presents an undue burden lies with

9

the party opposing the subpoena[.]" *Coleman v. Lennar Corp.*, No. 18-MC-20182, 2018 WL 3672251 (S.D. Fla. June 14, 2018) (citing *Fadalla v. Life Auto. Products, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007)). Importantly, proof of the nonparty's burden should be demonstrated in advance of production and by affidavit or declaration. *See, e.g., Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 2616209, at *3 (S.D. Fla. May 22, 2020) (granting a motion to compel and declining to order payment of costs where the recipient "failed to provide any evidence of its financial costs"); *see also Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, No. 12-CIV-81397, 2016 WL 1658765, at *8 (S.D. Fla. Apr. 26, 2016) (declining to award production costs where the nonparty failed to provide advance notice of the cost of compliance); *Cont'l 332 Fund, LLC v. Albertelli*, No. 2:17-CV-41-FTM-38MRM, 2019 WL 4670952, at *3 (M.D. Fla. July 13, 2019) (requiring nonparties to submit a detailed invoice of the costs of production to support its costs of production).

  The record here fails to support the payment of any costs. PoundTeam, by its own admission, was timely served with the subject subpoena (dkt. 7-1 pg. 3) and the motion to compel compliance (*id.* pg. 17). PoundTeam failed to raise any timely objection to either the subpoena or the motion. Consequently, in its January 21, 2021 Order, this Court held that "PoundTeam has waived any objections to the Subpoena." (Dkt. 6 at 3.) Even after the service of the Order compelling

compliance, PoundTeam continued to ignore its obligations. Instead, PoundTeam produced no responsive documents and filed the present "Response" on February 8, 2021, days after the Court's deadline to comply with the subpoena. In short, by refusing to respond to the subpoena or this enforcement action, PoundTeam has waived any objection to the burden of production.

PoundTeam's has similarly failed to demonstrate that the cost of compliance is unduly burdensome. To the contrary, PoundTeam's response actually highlights how minimal the burden of responding would actually be. Again, PoundTeam claims to possess responsive documents to only three of the thirteen subpoena requests—which includes evidence of its relationship with Triumph, communications and potentially a Do Not Call list. (PoundTeam Resp. at 3-4.) Moreover, PoundTeam has not produced an affidavit, declaration, or invoice to support its purported costs of compliance. Instead, PoundTeam generally asserts that it will be burdened by producing the documents and makes general statements about needing to search the "archives". This is fatal. Absent some evidence to support its claimed burden, PoundTeam has failed demonstrate what, if any, burden it actually faces.

Because PoundTeam voluntarily opted to ignore the PoundTeam Subpoena and has produced nothing to substantiate its claims of undue burden, the Court should deny PoundTeam's request for costs.

## IV. CONCLUSION

PoundTeam was properly served with the subject subpoena, the motion to compel, and the Order compelling compliance. PoundTeam chose to ignore all of them. Instead, PoundTeam, absent licensed counsel, attempts to appear in this Court and request additional time to respond to the subpoena and prepayment of costs. Neither is warranted. Instead, the Court should enter an order striking PoundTeam's Response, compelling PoundTeam to provide a complete response to the PoundTeam Subpoena without delay, denying PoundTeam's request for payment of its costs of production, and awarding such additional relief as the Court deems necessary and just.

**ABANTE ROOTER AND PLUMBING, INC.,**

Dated: February 11, 2021    By:    /s/ Taylor T. Smith

Law Office of Ryan S. Shipp, PLLC
Ryan S. Shipp, Esq. (FL Bar No. 52883)
814 W. Lantana Rd. Suite 1,
Lantana, Florida 33462
(561) 699-0399
Email: Ryan@shipplawoffice.com

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628

*Attorneys for Petitioner*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 11, 2021, I served a true and accurate copy of the foregoing documents by electronic mail and first-class U.S. Mail, postage prepaid, and properly addressed to the following parties:

PoundTeam Incorporated
William E. Conley, President and Registered Agent
bconley@poundteam.com
306 Fox Loop
Davenport, Florida 33837


   /s/ Taylor T. Smith