UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABANTE ROOTER AND PLUMBING,
INC., a California corporation,

        Petitioner,

v.                                                              Case No. 8:20-mc-110-JSM-SPF

POUNDTEAM INCORPORATED,
a Florida corporation,

        Respondent.
_____/

**ORDER**

This cause comes before the Court upon Petitioner Abante Rooter and Plumbing, Inc.'s Objections to and Request to Strike PoundTeam Incorporated's Late Response to Order Compelling Compliance with Subpoena ("Motion to Strike" or "Motion") (Doc. 8).

Background

A Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") (Doc. 1-1) was issued in an action, *Abante Rooter and Plumbing, Inc. v. Total Merchant Services, LLC,* No. 3:19-cv-05711-EMC, pending in the United States District Court for the Northern District of California. PoundTeam Incorporated ("PoundTeam") failed to produce any responsive documents, provide a written response or objections, or file a motion to quash or modify the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3). Petitioner then filed a Motion to Compel Compliance with Subpoena (Doc. 1) in this Court, which is the court for the district where compliance is required by the Subpoena, as PoundTeam's principal place of business is located within this district. The Court issued an Order on January 21, 2021, granting the Motion to Compel and

ordering PoundTeam to provide a complete response to the Subpoena within fourteen days (Doc. 6 at 4).  Four days after the deadline for compliance, PoundTeam, unrepresented by licensed counsel, filed a Response to Order to Compel Compliance with Subpoena ("Response") (Doc. 7).  PoundTeam's Response requests that this Court: (1) grant PoundTeam payment for the demanded documents and (2) grant PoundTeam additional time to comply with the Subpoena (Doc. 7 at 5).  Petitioner subsequently filed the instant Motion in which Petitioner requests that this Court: (1) strike PoundTeam's Response, (2) compel PoundTeam to provide a complete response to the Subpoena, and (3) deny PoundTeam's request for payment of its costs of production (Doc. 8 at 12).

As indicated in the Motion's Certificate of Service, notice of the Motion was served on February 11, 2021, via electronic mail and first-class U.S. Mail on William E. Conley, President and Registered Agent of PoundTeam (Doc. 8 at 13).  PoundTeam has failed to respond to the Motion, and the time for doing so has elapsed. *See* Local Rule 3.01(c), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service).  Therefore, the Motion to Strike is deemed unopposed.  *See Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed).

Discussion

As an initial matter, although an individual may appear before the court as a *pro se* litigant, a corporation may not represent or appear in federal court without licensed counsel. *See* 28 U.S.C. § 1654 (allowing individuals to appear *pro se* in federal courts); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that 28 U.S.C.

§ 1654 does not allow artificial entities to appear in federal court without licensed counsel); *Marshall v. Wachovia Sec. L.L.C. / Wells Fargo*, No. 15-61864-CIV, 2016 WL 5942429, at *2 (S.D. Fla. Jan. 6, 2016) ("Artificial entities 'can act only through agents, cannot appear *pro se*, and must be represented by counsel.'"). This Court may strike any filings made by a corporation without representation of licensed counsel. *See Marshall*, 2016 WL 5942429, at *2. Here, PoundTeam is a corporation registered in the State of Florida. PoundTeam's Response is signed by Kamela Hatch but provides no representation that Hatch is a licensed attorney (Doc. 7 at 5). Therefore, PoundTeam has appeared in federal court, through its Response, without proper representation of licensed counsel.

Moreover, PoundTeam's Response, while styled as a response to the Court's Order, consists primarily of its responses to the Subpoena. Rule 5(d) of the Federal Rules of Civil Procedure, however, provides:

> [D]isclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry upon land, and requests for admission.

Fed. R. Civ. P. 5(d)(1)(A). Unless parties expect to use the discovery materials in their motion practice, responses to discovery requests should not be filed with the Court as they only serve to clutter the docket. *See Reyes v. Seaton Enters., L.L.C.*, No. 1:07-cv-196, 2008 WL 400452, at *6 (E.D. Tenn. Feb. 12, 2008). PoundTeam's responses to the Subpoena, instead of being filed with the Court, should only be served on Petitioner. For these reasons, PoundTeam's Response is due to be stricken from the record.

As for PoundTeam's request for payment for producing the discovery, "[f]ailure to timely file a written objection to a subpoena will generally result in a waiver of the right to object to enforcement of the subpoena and of the right to recover costs of production." *Sun*

3

*Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, No. 12-CIV-81397, 2016 WL 1658765, at *4 (S.D. Fla. Apr. 26, 2016) (citing *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 426 (D.N.J. 2004); *In re Accutane Prods. Liab. Litig.*, Nos. 8:04-md-2523-T-30TBM, 8:05-cv-926-T-30TBM, 2006 WL 1281598, at *1 (M.D. Fla. May 9, 2006)). Here, PoundTeam failed to timely file a written objection to the Subpoena and failed to demonstrate by way of an affidavit, declaration, invoice, or otherwise that compliance with the Subpoena would present an undue burden. *See Coleman v. Lennar Corp.*, No. 18-MC-20182, 2018 WL 3672251, at *3 (S.D. Fla. June 14, 2018) ("the burden of proof in demonstrating that compliance with a subpoena presents an undue burden lies with the party opposing the subpoena"); *Fadalla v. Life Auto. Prods., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007) (same); *Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 2616209, at *3 (S.D. Fla. May 22, 2020) (granting motion to compel and declining to order payment of costs where recipient "failed to provide any evidence of its financial costs"). As such, PoundTeam's request for payment of its costs of production is unsupported and unavailing.

Accordingly, it is hereby **ORDERED**:

(1) Petitioner's Objections to and Request to Strike PoundTeam Incorporated's Late Response to Order Compelling with Subpoena (Doc. 8) is **GRANTED**. The Clerk is directed to strike PoundTeam's Response (Doc. 7).

(2) PoundTeam is hereby **ORDERED** to provide all documents, electronically-stored information, and tangible things responsive to the Subpoena within **twenty-one**

**(21) days** of the date of this Order.[1]  Failure to comply with this Order may result in contempt proceedings and sanctions.

**ORDERED** in Tampa, Florida, April 6, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[1] PoundTeam asserts that it lacks responsive documents to 10 of the 13 requests contained in the Subpoena (Doc. 7 at 3-4).